MOORE (ROBERTS v.). See Case No. 11,905.

MOORE (ROBINSON v.). See Case No. 11,-960.

## Case No. 9,774.

### MOORE v. ROSENBERGER.

[27 Leg. Int. 148;[1] 7 Phila. 576; 4 West. Jur. 204.]

Circuit Court, E. D. Pennsylvania. May, 1870.

EXECUTION—LEVIED ON ONE PARTNER'S INTEREST —PURCHASER UNDER EXECUTION SALE— TITLE TO WHAT PASSES.

Under a writ of fieri facias, a levy upon and sale by the sheriff of a co-partner's interest in a firm of which he is a member, passes to the purchaser only the defendant's interest in the chattels actually seized upon the writ, and not in his interest in rights of actions or credits of the partnership.

This case originated in a petition of one John D. Rosenberger, a bankrupt, in voluntary bankruptcy. It appeared in the proceedings thereon, that about six months prior to the filing of the same. and just on the eve of a creditor's obtaining a judgment against the bankrupt, his brother, the defendant in this case, procured a judgment against him by confession. and immediately issued a fi. fa. thereon. This writ was returned by the sheriff, "Levied upon right, title and interest of defendant, in and to the firm of J. D. Rosenberger & Co., and sold the same for $50." The plaintiff in the execution became the purchaser; at the time of the sale the stock on hand of the firm was small, its principal assets consisting of its outstanding credits. These were collected in by the liquidating partner, E. B. Taggart, who having discharged the debts of the firm, shortly thereafter, paid over to the order of the purchaser at the sheriff's sale aforesaid, the sum of $4,420.65, on account of the interest of the bankrupt therein so alleged to have been sold as aforesaid.

Upon the hearing of the petition of the bankrupt for a discharge from his debts, the foregoing facts appearing, CADWALADER, District Judge, observed that the bankrupt had neither disclosed in his schedule, nor surrendered to his assignee, the proceeds of his interest in the firm of John D. Rosenberger & Co., which had not and could not have passed to the purchaser at the sheriff's sale any thing beyond the bankrupt's interest in the chattels actually seized on the fi. fa. That any notion to the contrary was one that prevailed only in Philadelphia, and here to a limited extent, and was unknown generally in the state. That it had arisen here from a clear misapprehension of some decisions of

the supreme court of Pennsylvania, which, upon examination, would appear to rather conflict with than support the position. Again, the fact that not unusually upon the sale of a partner's interest the outstanding credits were used to settle the outstanding debits of the firm, and so the chattels seized would be relieved, and that the purchaser at the sheriff's sale would almost always be entitled in equity to have the assets so marshalled, might have also had something to do with the mistake. The bankrupt's discharge was refused.

This suit was then brought by the assignee of the bankrupt against the purchaser at the sale, to recover the proceeds of the bankrupt's interest in the firm, received by him, other than such as were derived from the chattels actually levied on.

N. H. Sharpless, for plaintiff.

Geo. W. Thorn, for defendant.

McKENNAN, Circuit Judge, and CADWALADER, District Judge, were both clearly of the opinion theretofore expressed by Judge CADWALADER in the court of bankruptcy; and Judge McKENNAN said, that the law certainly had been so understood in the Western district.

Upon another point arising in the case a juror was withdrawn.